UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID BRUMMETT,<br><br>                 Petitioner,<br><br>v.<br><br>BRIAN FINN,<br><br>                 Respondent. | Case No. 1:15-cv-00368-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner David W. Brummett's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Partial Summary Dismissal, which is now ripe for adjudication. (Dkt. 11.) In addition, Petitioner has filed a Motion for an Evidentiary Hearing and a Motion for Appointment of Counsel. (Dkt. 15, 16.)

      The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 17.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and

**MEMORANDUM DECISION AND ORDER - 1**

record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order dismissing, with prejudice, Claim 1 and the related portion of Claim 3.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Brummett v. State*, Docket No. 42466, Op. 537 (Idaho Ct. App. June 29, 2015) (unpublished), which is contained in the record at State's Lodging D-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Pursuant to a plea agreement, Petitioner pleaded guilty in the Third Judicial District in Canyon County, Idaho, to felony possession of a controlled substance, in violation of Idaho Code § 37-2732(c)(1). (State's Lodging D-4 at 2.) In exchange for Petitioner's guilty plea, the state dismissed four misdemeanor charges and a persistent violator enhancement. Petitioner was sentenced to seven years in prison with three years fixed. (*Id*.) Petitioner filed a timely motion for reduction of sentence under Idaho Criminal Rule 35, which the trial court denied.

Petitioner filed a direct appeal, arguing that the trial court abused its discretion by imposing an excessive sentence and by denying Petitioner's request, in his Rule 35 motion, that a substance abuse evaluation be ordered and considered in reevaluating his sentence. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-3, B-5.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner next filed a petition for postconviction relief in the state district court. (State's Lodging C-1 at 3-55.) The court construed the petition as raising the following claims[1]: (1) Petitioner's guilty plea was involuntary; (2) Petitioner's trial counsel was ineffective in failing to argue that Petitioner's arrest was unlawful and in failing to understand the law; (3) Petitioner was not trespassing when he was arrested and, therefore, the arrest was without probable cause; and (4) Petitioner's conduct was lawful because the Ninth Amendment protects the recreational use of drugs. (State's Lodging at 267.) The court issued notice of its intent to summarily dismiss the petition, and Petitioner objected, addressing only the claim that trial counsel was ineffective for failing "to fully investigate [Petitioner's] case and consider possible motions to suppress and/or dismiss based on the fact that there was no probable cause for his arrest and/or search by police officers." (State's Lodging C-2 at 281.)

The trial court denied the postconviction petition, and Petitioner appealed. (*Id.* at 285-89; 292-84.) Petitioner argued that he did not receive adequate notice of the court's intent to summarily dismiss the petition and that his trial counsel rendered ineffective assistance in failing to adequately challenge Petitioner's arrest and search under the Fourth Amendment. (State's Lodging D-1, D-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging D-4, D-6.)

In the instant federal habeas corpus petition, Petitioner asserts three claims. Claim 1 argues that Petitioner's Fourth Amendment rights were violated because he was

---

[1]   Petitioner did not object to the state district court's construction of the postconviction petition.

**MEMORANDUM DECISION AND ORDER - 3**

arrested without probable cause and, therefore, the search of Petitioner was illegal and the resulting evidence should have been excluded. Claim 2 argues that Petitioner's trial counsel was ineffective in failing to file a motion to suppress the evidence obtained in the search. Claim 3 argues that Petitioner was denied due process based on the allegations contained in Claims 1 and 2. (Dkt. 3 at 6-8.)

Claim 3 does not appear to assert an independent basis for habeas relief, but merely restates Claims 1 and 2. (Dkt. 3 at 6-8; Dkt. 6 at 2.) *See Gideon v. Wainwright*, 372 U.S. 335, 343 (1963) (holding that the Sixth Amendment right to counsel applies to the states through the Due Process Clause of the Fourteenth Amendment); *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (recognizing that the Fourth Amendment applies to the States "by virtue of its 'incorporation' into the Fourteenth Amendment"). Therefore, the Court will consolidate Claim 3 with Petitioner's other claims, as suggested by Respondent. (Dkt. 11-1 at 7 n.2.) The portion of Claim 3 involving Petitioner's allegedly illegal arrest and subsequesnt search will be considered below, along with Claim 1. The portion of Claim 3 involving the allegedly ineffective assistance of Petitioner's counsel will be considered, along with Claim 2, at a later stage of these proceedings.

## PRELIMINARY MOTIONS

**1.    Petitioner's Motion for Appointment of Counsel**

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing

**MEMORANDUM DECISION AND ORDER - 4**

is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Prior to reaching the merits of the claims in the Petition, the Court must address a narrow issue—whether certain claims are cognizable in this action—for which appointment of counsel is not required. In addition, discovery has not been ordered in this case, and, as explained below, the Court concludes that an evidentiary hearing is not required at this time.

Moreover, it appears from Petitioner's filings that he has been able to adequately bring his claims and protect his interests to date. The Court understands that Petitioner does not have legal training or legal resources. Therefore, the Court independently reviews the case citations and references provided by the State for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by the State apply. Finally, the appellate review process before the United States Court of Appeals for the Ninth Circuit is available to ensure that the case has been adjudicated according to the proper legal standards. For these reasons, the Court will deny Petitioner's request for appointment of counsel.

**MEMORANDUM DECISION AND ORDER - 5**

## 2.   Petitioner's Motion for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing. However, an evidentiary hearing is not necessary to consider whether a claim is cognizable on federal habeas review because that inquiry does not rely on any factual determination—rather, it is purely a question of law. As explained below, Claim 1 and the related portion of Claim 3 are noncognizable in this habeas case, meaning that they cannot serve as a basis for a grant of federal habeas relief. Therefore, the Court will deny Petitioner's request for an evidentiary hearing.

## DISCUSSION

In his Motion for Partial Summary Dismissal, Respondent argues that Claims 1 and 3 are procedurally defaulted and noncognizable. For the reasons set forth below, the Court agrees that Claim 1 and the related portion of Claim 3 are not cognizable in this federal habeas case.[2] Therefore, the Court will grant Respondent's Motion in part and dismiss these claims.

## 1.   Standard of Law for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in

---

[2]   For this reason, the Court needs not to determine whether these claims are procedurally defaulted, or whether there is sufficient legal reason to excuse the default.

**MEMORANDUM DECISION AND ORDER - 6**

determining whether to dismiss a petition.[3] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### 2.  Claim 1 and the Related Portion of Claim 3 Are Not Cognizable on Federal Habeas Review

In Claim 1 and the related portion of Claim 3, Petitioner asserts that his arrest was not supported by probable cause and that, therefore, the resulting search of Petitioner was unconstitutional under the Fourth and Fourteenth Amendments. The threshold issue for an unreasonable-search-or-seizure claim presented in a federal habeas corpus petition is whether the state provided the petitioner an opportunity for full and fair litigation of that claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Under *Stone*, if the federal district court determines that the petitioner had a full and fair opportunity to litigate the claim in state court, then it cannot grant habeas corpus relief on the ground that the evidence was obtained in violation of the Fourth Amendment. *Id.*

The *Stone* rule is based on the principle that the exclusionary rule is "not a personal constitutional right" but is instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy: the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule,

---

[3]  The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.)

**MEMORANDUM DECISION AND ORDER - 7**

if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-95.

To determine whether Petitioner had a full and fair opportunity to challenge his Fourth Amendment claim in state court, the Court here "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the state court procedures are adequate, the inquiry ends there. *Id.* at 8-9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id.* at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner bears the burden of establishing that the state courts did not consider his Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Petitioner certainly could have raised his claims of unreasonable search and seizure, before he pleaded guilty, by filing a motion to suppress the evidence obtained in the search. Petitioner's contention that his trial counsel was ineffective by failing to file such a motion—although a basis for Claim 2 of the Petition—does not alter the Court's analysis, under *Stone v. Powell*, for purposes of Claim 1 and the related portion of Claim 3. Therefore, because the Idaho courts gave Petitioner a full and fair opportunity to

**MEMORANDUM DECISION AND ORDER - 8**

litigate his search and seizure claims in state court, those claims cannot support a grant of federal habeas relief.

## CONCLUSION

Claim 1 and the related portion of Claim 3 must be dismissed as noncognizable pursuant to the doctrine of *Stone v. Powell*. Therefore, Respondent's Motion for Partial Summary Dismissal will be granted in part. Petitioner's remaining claims—Claim 2 and the remaining portion of Claim 3—will be consolidated and adjudicated at a later date.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for an Extension of Time to respond to Respondent's motion for partial summary dismissal (Dkt. 13) is GRANTED.

2. Petitioner's Motion for an Evidentiary Hearing (Dkt. 15) is DENIED.

3. Petitioner's Motion for Appointment of Counsel (Dkt. 16) is DENIED.

4. Respondent's Motion for Partial Summary Dismissal (Dkt. 11) is GRANTED IN PART. Claim 1 and the portion of Claim 3 asserting an unconstitutional search and seizure are DISMISSED with prejudice.

5. Respondent shall file an answer and brief addressing the remaining claims—Claim 2 and the related portion of Claim 3—within 60 days after entry of this Order. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within 30 days after service of the answer and brief.

**MEMORANDUM DECISION AND ORDER - 9**

Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: **August 3, 2016**

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**